UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN JOSEPH COLEMAN,                )
                                    )
            Petitioner,              )
                                    )
      v.                             )    No. 4:10-CV-636-TIA
                                    )
STATE OF MISSOURI,                   )
                                    )
            Respondent.              )

**ORDER AND MEMORANDUM**

This matter is before the Court upon petitioner's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the amended petition [Doc. #7], the Court will order petitioner to show cause as to why this action should not be dismissed for failure to exhaust available state remedies.

**The Petition**

Petitioner, an inmate at the Fulton Reception & Diagnostic Center, is challenging his underlying conviction and sentence pursuant to 28 U.S.C. § 2254. After pleading guilty to several state criminal charges, petitioner was sentenced on March

18, 2010, in the Dent County Circuit Court to a total of twenty years' imprisonment.  Petitioner states that he did not file a direct appeal, nor does it appear that he has previously filed in any state court any other petitions, applications, or motions concerning this judgment of conviction.

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.  The State of Missouri provides post-conviction relief for prisoners in its custody.  See Mo.R.Crim.Proc. 24.035.  As such, it appears that petitioner has available state procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #8] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 19th day of May, 2010

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**